# In the United States Court of Federal Claims

No. 21-1417C
(Filed: September 7, 2021)

```
**************************************
                                     *
ELIZABETH B. COREY,                  *
                                     *
                 Plaintiff,          *
                                     *
        v.                           *
                                     *
THE UNITED STATES,                   *
                                     *
                 Defendant.          *
                                     *
**************************************
```

## ORDER DISMISSING CASE

On May 28, 2021, Plaintiff Elizabeth B. Corey, proceeding *pro se*,[1] filed a Complaint alleging series of violent attacks ("sexual assault," "chokeholds" and "waterboarding") at the hands of the United States Government, and that she performed vital U.S. Government services "sav[ing] lives," such as finding Osama Bin Laden and "intercept[ing] … Russian KGB Kremlin lines to set up [a] nuclear attack on US during pandemic." *See* Complaint ("Compl."), ECF No. 1 at 2. Ms. Corey's Complaint references three "codes" – Code 300, Code 302 and Code 303 – which appear to refer to this Court's Nature-of-Suit Codes for General Jurisdiction Cases. *Id.* at 1. Ms. Corey thereby seeks $120 million in damages. *Id.* at 1, 3.

On June 14, 2021, Ms. Corey filed a Motion to Appoint Counsel.[2] ECF No. 7. On July 12, 2021, Ms. Corey filed a Motion to Amend her Complaint, additionally alleging, in part, that she has been "targeted by Oathkeepers" and requesting a total of $300 or $400 million[3] in damages. ECF No. 8 at 7.

---

[1] Ms. Corey also filed an application to proceed *in forma pauperis* ("*ifp*") on May 28, 2021. *See* ECF No. 2. The Court **GRANTS** the Motion for the limited purpose of the jurisdictional inquiry.

[2] In certain viable cases, the Court of Federal Claims may grant a plaintiff's Motion to Appoint Counsel; however, plaintiffs before this Court have no fundamental right to the assistance of Counsel. *See Lariscey v. United States*, 861 F.2d 1267, 1270-71 (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981)). In light of this opinion dismissing the Complaint for lack of jurisdiction, the Court denies the Motion.

[3] The Amended Complaint specifically states, "I need to adjust my request for myself -- $300 million HSA[,] $100 million Cash, Savings." ECF No. 8 at 7.

In response, on July 23, 2021, Defendant United States filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction.  ECF No. 9 at 1.

On August 9, 2021, Ms. Corey filed a Response ("Motion to Answer") to the Government's Motion to Dismiss, in which she states an unwillingness to "discuss TSC/Classified info."  *See* ECF No. 10 at 1.  The Government did not file a reply.

## I.      Discussion

Ms. Corey has filed this claim *pro se*.  *See* ECF No. 2.  While *pro se* litigants are generally held to "less stringent standards" than those of a licensed attorney, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), such leniency does not relieve Ms. Corey, as plaintiff, of her burden to establish this Court's jurisdiction over her claim.  *See Trusted Integration Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Henke v. United States*, 60 F. 3d 795, 799 (Fed. Cir. 1995).  Also, "[t]he fact that [a plaintiff] acted pro se in the drafting of [a] complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke*, 60 F.3d at 799.  Accordingly, a *pro se* plaintiff is not excused from the burden of meeting the Court's jurisdictional requirements.  *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (2018), this Court has jurisdiction over statutory, regulatory, and contractual claims against the United States.  If the Court finds jurisdiction lacking despite accepting a plaintiff's factual assertions as true and drawing all reasonable inferences in her favor, the claim must be dismissed.  *Trusted Integration*, 659 F.3d at 1163; RCFC 12(h)(3).

The wrongful actions Ms. Corey alleges in her Complaint against the United States ("sexual assault," "chokeholds" and "waterboarding") purportedly stem from U.S. federal agencies.  *See* Compl. at 2 (ECF No. 1 at 2).  These allegations are torts, and this Court does not have jurisdiction for cases sounding in tort.  *See* 28 U.S.C. § 1491(a)(1) (2018).  Ms. Corey's Complaint also fails to allege any express or implied-in-fact contract with the United States for any services she contends to have provided to U.S. agencies, and which could possibly trigger the jurisdiction of this Court.  *Id.*

Therefore, despite the required deference due to Ms. Corey's *pro se* status, the Complaint must be dismissed for lack of jurisdiction.

## II.      Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**.  The Clerk is directed to dismiss the case and enter judgment accordingly.

**IT IS SO ORDERED.**

s/Edward J. Damich__
EDWARD J. DAMICH

2

Senior Judge